Dewey, J.
Powers sued Hamilton before a justice of the peace, on a promissory note dated January the 8th, 1838, for $51.00, payable one year after date, on which there was a credit, under date of January the 1st, 1839, of $14.00. Hamilton filed, by way of set-off, a promissory note against Powers, dated April the 14th, 1832, for $100, payable on the 1st day of April, 1833. The cause was appealed to *the Circuit Court. Verdict and judgment in favour of the defendant for $104.49.
On the trial, the plaintiff proved that he had been for a long time a trader in merchandise; that the defendant had dealt with him ten or twelve years; and that there had been no final settlement of their accounts until 1838, when a balance was struck in favour of the plaintiff, for which the defendant gave his note. The plaintiff then offered in evidence his book of original entries of the account which had been thus settled. The account contained a credit to the defendant of a promissory note' payable ■to him for $100, which credit was entered about the time the note filed as a set off fell due. The defendant objected to the evidence, and the Court excluded it.
In this, we think, the Court was wrong. The plaintiff had a right to prove, if he could, that the note filed’by the defend *314 ant as a set-off bad been paid or satisfied. That note had been payable about five years when the defendant executed the note on which this action is founded, and when the parties, on the settlement of their accounts, found a balance due to the plaintiff. If, in the account thus settled, there was a credit to the defendant of a note for the same sum as that of the note set up as a defense to the action, and the credit entered about the time of the maturity of the note, we think it was a proper circumstance for the consideration of the jury in forming their conclusion as to the justice of the defendant’s demand. The fact alluded to could be legally proved only by the production of the book which contained the account and settlement. This is not permitting a party to introduce his account book for the purpose of establishing the propriety of ex parte entries in his own favour therein made, but in order to prove a transaction in which both parties participated. The settlement was as much the act of the defendant as of the plaintiff, and by it the former sanctioned the debits and credits embraced in the account; and it was proper for the jury to say whether, among the credits, was the note, the payment of which the defendant is now attempting to enforce by way of set-off. The plaintiff’s account book of original entries should have been admitted in evidence for the purpose of showing the credit of the note *for $100, and that it was included in the mutual settlement of accounts between the parties.
jR. G. Gregory and S. G. Willson, for the plaintiff
E. A. Lockwood, for the defendant.
Per Guriam.—The judgment is reversed with costs. Cause remanded, &c.